**IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CIVIL DIVISION**



FILED
FT. SMITH DIST.

2025 AUG 27 P 2: 17

MAURICIO GONZALEZ and
JONNA GONZALEZ

**PLAINTIFFS**

v.                              CASE NO.:  66FCV-25-1136   VI

ZIMMER BIOMET HOLDINGS, INC.,
d/b/a ZIMMER BIOMET;
ZIMMER US, INC.,;
ZIMMER ORTHOBIOLOGICS, INC.;
RESOURCE OPTIMIZATION & INNOVATION, LLC;
HEALTHTRUST PURCHASING GROUP, LP;
MERCY HOSPITAL FORT SMITH
d/b/a MERCY ORTHOPEDIC HOSPITAL FORT SMITH;
TECSYS U.S., INC.;
NATHAN LOTT; and,
JOHN DOES 1-10

**DEFENDANTS**

## COMPLAINT

COMES NOW, Plaintiffs, Mauricio Gonzalez and Jonna Gonzalez, husband and wife, by and through their attorneys of record, Caddell Reynolds, P.A., for their Complaint against the above-captioned Defendants, states and alleges as follows:

### PARTIES AND VENUE

1.  Plaintiff, Mauricio Gonzalez is and was, at all times relevant herein, a citizen and resident of Fort Smith, Sebastian County, Arkansas.

2.  Plaintiff, Jonna Gonzalez, is and was, at all times relevant herein, a citizen and resident of Fort Smith, Sebastian County, Arkansas.

1

3. Upon belief and information, Defendant Zimmer Biomet Holdings, Inc., d/b/a/ Zimmer Biomet, is and was, at all times relevant herein, a foreign for-profit corporation with a principal place of business at 56 E. Bell Drive, Warsaw, Indiana 46582.

4. Upon belief and information, Defendant Zimmer US, Inc., is and was, at all time relevant herein, a foreign for-profit corporation licensed to do business in the state of Arkansas. It may be served through its registered agent, Corporation Service Company, located at 300 S. Spring Street, Suite 900, Little Rock, Arkansas 72201.

5. Upon belief and information, Defendant Zimmer Orthobiologics, Inc., is and was, at all time relevant herein, a foreign for-profit corporation, wholly or partly owned by Defendant Zimmer Biomet Holdings, Inc.

6. Upon belief and information, Defendant Resource Optimization & Innovation, LLC, (hereinafter "ROi") is and was, at all times relevant herein, a foreign for-profit corporation, with a principal place of business located at 645 Maryville Centre Drive, Suite 200, St. Louis, Missouri 63141.

7. Upon belief and information, Defendant HealthTrust Purchasing Group, LP, is and was, at all times relevant herein, a foreign limited partnership, with a principal place of business located at 1 Park Plaza, Nashville, Tennessee 37203. Upon belief and information, Defendant HealthTrust partly or wholly owns Separate Defendant ROi.

8. Upon belief and information, Defendant Mercy Hospital Fort Smith d/b/a Mercy Orthopedic Hospital Fort Smith, is and was, at all times relevant herein, a domestic nonprofit corporation, registered to do business with the Arkansas Secretary of State. It may be served through its registered agent Corporation Service Company located at 300 S. Spring Street, Suite 900, Little Rock, Arkansas 72201.

9. Upon belief and information, Defendant Tecsys U.S., Inc., is and was, at all times relevant herein, a foreign for profit corporation headquartered at 231 South LaSalle Street, Suite 2100, Chicago, Illinois, 60604.

10. Upon belief and information, Defendant Nathan Lott, is and was, at all times relevant herein, a citizen and resident of Greenwood, Sebastian County, Arkansas.

11. Defendants, John Does 1-10, represent unknown individuals, corporations, or entities who may have liability toward Plaintiff with regard to ownership, manufacture, distribution, designing, and/or marketing of the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella, to include any and all person(s), corporation(s) and/or entit(ies) of any kind who may be responsible for the action(s)/inaction(s) of Defendants pursuant to any theory of liability. Plaintiff will amend his Complaint, if necessary, to specifically name the proper individual Defendants as they are identified. An Affidavit is attached hereto as **Exhibit "A"** in accordance with A.C.A. § 16-56-125.

12. All Defendants herein are directly and/or vicariously liable to Plaintiffs for injuries sustained arising from the manufacturing, designing, selling, marketing, and distributing the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella, as a result of the negligence of persons and/or entities whose conduct was under their control, or right to control, and which conduct directly and proximately caused Plaintiffs' injuries and damages.

13. Plaintiff's injuries and damages were the direct result of the negligence and carelessness of all Defendants, including their agents, servants, employees, and/or representatives who were involved in the manufacturing, designing, selling, marketing, and distributing of the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella, and were due in no manner, whatsoever, for the failure to act on the part of Plaintiffs, or any person other than the Defendants and/or their agents, servants, representatives and/or employees.

14. This Court has jurisdiction over both the subject matter contained herein and all parties hereto for the reasons alleged in this Complaint.

15. Venue is proper with this Court pursuant to Ark. Code Ann. § 16-60-101 *et seq.*

## FACTS

16. Plaintiffs incorporate all previous paragraphs as set forth herein word for word.

17. On or about May 31, 2022, Plaintiff, Mauricio Gonzalez, underwent a right total knee arthroplasty (herein after "TKA") with implantation of a Biomet Signature Vanguard total knee system and a 37 mm three-peg Regenerex Series A Patella.

18. The surgery was performed by Timothy Garlow, MD at Mercy Orthopedic Hospital-Fort Smith located at 3601 South 79th Street, Fort Smith, Sebastian County, Arkansas 72903.

19. Upon belief and information, Defendants manufactured, designed, sold, marketed, and distributed the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella.

20. Upon belief and information, the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were defective in that the pegs in the Regenerex Series A Patella would shear and break.

21. Upon belief and information, Defendants were negligent in their manufacturing, designing, testing, marketing, selling, and distributing of the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella in that the pegs in the Regenerex Series A Patella would shear and break.

22. Upon belief and information, at all times relevant hereto, Defendants maintained actual and/or constructive knowledge that the Biomet Signature Vanguard total knee system and or the Regenerex Series A Patella were defective, negligently designed, and/or negligently

4

manufactured in such a manner that the pegs in the Regenerex Series A Patella were at high risk of shearing and breaking.

23. The Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were not reasonably fit, suitable, or safe for its intended purposes because it deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae and/or failed to contain adequate warnings or instructions and/or was designed in a defective manner.

24. On or about April 25, 2017, the Food and Drug Administration (FDA) issued a recall of the Regenerex Series A Patella due to post-operative shearing of the pegs. See *Ex. B.*

25. Included in the recall were certain model numbers.

26. More specifically, model number 184788 and model number 189120 were listed as being recalled for "process design."

27. The FDA included a series of responsibilities to the distributors, sales representatives and distributor operation managers.

28. Said responsibilities included as follows:

Your Responsibilities:
1. Review this notification and ensure affected team members are aware of the contents.
2. Immediately locate and quarantine affected product in your inventory.
3. Complete the Certification of Acknowledgement portion of Attachment 1 ☐ Inventory Return Certification Form
a. Return a digital copy to corporatequality.postmarket@zimmerbiomet.com within three (3) days.
4. Return all affected product from your distributorship and affected hospitals within your territory along with a completed Attachment 1 ☐ Inventory Return Certification Form to Zimmer Biomet within 2 weeks.
a. Request a Return Authorization Number via email to rgarequest@zimmerbiomet.com or through FAST/SMS. Specify ☐RECALL☐ as the RGA type.
b. For each return, send a copy of Attachment 1 to corporatequality.postmarket@zimmerbiomet.com.
c. Include a hardcopy of Attachment 1 with your shipment for immediate processing.
d. Clearly mark ☐RECALL☐ on the outside of return boxes.
5. Hospitals that received direct shipments of the affected products from Zimmer Biomet will be sent a copy of the Risk Manager Recall Notice directly. Surgeons will also be notified. It is important that you review the list of hospitals and surgeons included with the email notification sent to your facility to identify additional accounts Zimmer Biomet has not notified. Using the Additional Accounts Form provided with the email notice, return contact information for any additional hospitals and surgeons that may have received or used the affected product. If there are no additional

29. Despite this recall, model number 184788 and model number 189120 were implanted into Plaintiff on or about May 31, 2022, as demonstrated below.

Bearing Tib Vanguard Ant Stblzd 189120

| | |
|---|---|
| Implant type: Knee | Implanted on: May 31, 2022 |
| Implanted area: Knee | Number implanted: 1 |
| Laterality: Right | Implanted by: Dr. T Garlow |
| | Implanted at: Mercy Hospital Fort Smith |
| Status: Implanted | Lot number: 764490 |
| Manufacturer: ZIMMER BIOMET | |
| Model number: 189120 | |

Patella 3peg Series A 184788

| | |
|---|---|
| Implant type: Knee | Implanted on: May 31, 2022 |
| Implanted area: Knee | Number implanted: 1 |
| Laterality: Right | Implanted by: Dr. T Garlow |
| | Implanted at: Mercy Hospital Fort Smith |
| Status: Implanted | Lot number: 189710 |
| Manufacturer: ZIMMER BIOMET | |
| Model number: 184788 | |

30. Following Plaintiff's surgery on or about May 31, 2022, Plaintiff underwent physical therapy.

31. On or about August 1, 2022, Plaintiff followed up with Dr. Garlow.

32. X-rays were performed and demonstrated the total knee components were without evidence of loosening, subsidence, or complication. Alignment was noted to look good as well.

33. Between August 1, 2022, and August 22, 2022, Plaintiff Mauricio Gonzalez began to experience severe knee pain, swelling, and his knee would "give out."

34. Medical providers for Plaintiff were initially concerned about possible infection, however, this was ruled out as a possible cause.

35. Plaintiff was subsequently diagnosed with "failure of patellar component."

36. On or about August 30, 2022, Plaintiff underwent right knee patella revision surgery and poly exchange by Dr. Garlow.

37. Dr. Garlow findings in the surgery indicated the patellar button was displaced with shearing of all three (3) pegs.

38. Dr. Garlow's operative report noted, "the patellar button was just loose within the knee."

39. Additionally, "[t]he pegs from the patellar button still remained within drill holes on the patella."

40. As a direct and proximate result of the defective patellar implant, Plaintiff incurred substantial medical expenses, experienced loss of past earnings, and has and will continue to endure pain and suffering.

## COUNT I—NEGLIGENCE

41. Plaintiffs reincorporate by reference all previous paragraphs as if set word for word herein.

42. At all times relevant hereto, Defendants owed a duty to consumers, such as Plaintiff, to use reasonable care in the way they designed, manufactured, marketed, sold, and distributed the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella.

43. At all times relevant hereto, Defendants knew or should have known of the foreseeable risk that the pegs would shear and/or break inherent to the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella.

44. Defendants breached the duty of care they assumed to consumers, such as Plaintiff, and were negligent, careless, and reckless in designing, manufacturing, marketing, selling, and distributing the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella in one or more of the following respects:

    a. the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella was manufactured such that there was a high risk that the pegs would shear or break;

    b. the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella did not comport with the applicable product safety standards;

    c. the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella was not adequately tested before distribution and sale;

7

d.  the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were designed in a manner that allowed for the pegs to shear and break;

e.  Defendants failed to design and/or utilize proper designs for the manufacture of its product;

f.  Defendants failed to adequately and properly inform and warn purchasers and ultimate users of the Biomet Vanguard total knee system and/or the Regenerex Series A Patella that the pegs might shear and break;

g.  Defendants failed to adequately and properly inform purchasers as to the risks and benefits of the product;

h.  Defendants designed, manufactured, soled, supplied, and/or distributed a product in a defective condition;

i.  Defendants designed, manufactured, sold, supplied, and/or distributed a product which was unreasonably dangerous to the user;

j.  Defendants designed, manufactured, sold, supplied, and/or distributed a product which was not reasonably fit, suitable or safe for its intended and represented purpose;

k.  Defendants designed, manufactured, sol, supplied, and/or distributed a product which lacked all necessary safety features to protect users of said product;

l.  Defendants designed, manufactured, sold, supplied, and/or distributed a product which could be designed more safely;

m.  Defendants marketed the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella as safe;

n.  Defendants delayed in issuing post-sale warnings in an effort to eliminate the unreasonably dangerous nature of the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella;

8

o. Defendants failed to ensure that all previously recalled products were in fact prevented from reaching the end user; and,

p. Defendants permitted the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella to go to market with unsafe manufacturing defects which allowed the pegs to improperly shear and break.

45. Defendants' negligence and carelessness in designing, manufacturing, marketing, selling, and distributing the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were the direct and proximate cause of Plaintiff's severe injuries and damages.

46. The aforementioned conduct of Defendants caused and/or increased the risk of harm and/or was a substantial causal factor of Plaintiffs' damages.

## COUNT II
## STRICT PRODUCTS LIABILITY

47. Plaintiffs reincorporate by reference all previous paragraphs as if set word for word herein.

48. At all relevant times hereto, Defendants knew or should have known of the foreseeable risk that the pegs would shear and/or break from the defective design of the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella.

49. At the time Defendants designed, manufactured, marketed, sold, and distributed the subject Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella, it was defective in its design, unreasonably dangerous, and unsafe for its intended purpose because it did not provide adequate protection and/or warning against the foresseable risk that the pegs would shear and/or break in Defendants' product.

50. The Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella at issue were in the same or substantially similar condition as when they left the possession of Defendants.

51. Plaintiff did not misuse or materially alter the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella.

52. The Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

53. Further, a reasonable person would conclude that the possibility and severity of harm outweigh the burden or cost of manufacturing, labeling, and distributing the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella in a safe manner.

54. The Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were defective, subjecting Defendants to strict liability, in one or more of the following respects:

    a.  the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were manufactured such that the pegs would shear and/or break;

    b.  the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella did not comport with the applicable product safety standards;

    c.  the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were not adequately tested before distribution and sale;

    d.  the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were designed in a manner that allowed for the pegs to shear and/or break;

    e.  the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella marketing, instructions, and/or packaging misrepresented its safety charaterstics and its potential for the pegs to shear and/or break.;

    f.  Defendants failed to design and/or utilize proper designs for the manufacture of its product;

10

g. Defendants failed to adequately and properly inform and warn purchasers and ultimate users of the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella that the pegs might shear and/or break;

h. Defendants failed to adequately and properly inform purchasers as to the risks and benefits of the product;

i. Defendants designed, manufactured, sold, supplied and/or distributed a product in a defective condition;

j. Defendants designed, manufactured, sold, supplied and/or distributed a product that was unreasonably dangerous to the user;

k. Defendants designed, manufactured, sol, supplied and/or distributed a product which was not reasonably fit, suitable or safe for its intended and represented purpose;

l. Defendants designed, manufactured, sold supplied and/or distributed a product which lacked all necessary safety features to protect users of said product;

m. Defendants designed, manufactured, sold, supplied and/or distributed a product which could be designed more safely;

n. Defendants marketed the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella as safe;

o. Defendants delayed in issuing post-sale warnings in an effort to eliminate the unreasonably dangerous nature of the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella;

p. Other misrepresentations regarding the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella that may be identified in the course of discovery;

q. Defendants had unsafe manufacturing defects which caused the pegs to improperly shear and/or break;

r. Defendants delay in recalling the product upon learning that it was unsafe for its intended and/or foreseeable use by Defendants; and,

s. Otherwise being defective as may be learned through discovery.

55. The defective and unreasonably dangerous condition of the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were direct and proximate causes of Plaitniff's severe and permanent injuries and damages.

56. Defendants are strictly liable to Plaintiff for designing, manufacturing, and failing to warn of the dangers of a defective and unreasonably dangerous product. The inherent risks associated with the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella outweighed the benefits of its use, as a safer better manufacturing practices and/or process were economically and technologically feasible at the time the product left the control of Defendants.

57. The aforementioned conduct of Defendants caused, increased the risk of harm, and/or was a substantial causal factor of Plaintiffs' damages.

## COUNT III
## STRICT PRODUCTS LIABILITY—FAILURE TO WARN

58. Plaintiffs reincorporate by reference all previous paragraphs as if set word for word herein.

59. At all times relevant hereto, Defendants knew or should have known of the substantial dangers and inherent risks of peg shearing and/or breakage associated with the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella and resulting injuries involved in the reasonably foreseeable use of the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella

60. Defendants knew or should have know that the substantial dangers and inherent risks of injuries from peg shearing and/or breakage involved in the reasonably foreseeable use of the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were not readily

recognizable to an ordinary consumer or user and that such person would be able to know of the defects.

61. Defendants knew or should have known of the foreseeable risk of peg shearing and/or breakage inherent in the design and manufacture of the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella and failed to disclose these risks to consumers of the product and their physicians.

62. Defendants acted negligently by failing to provide necessary information and failing to adequately warn of the substantial dangers and known and foreseeable risk of peg shearing and/or breakage, by failing to provide adequate warnings regarding one or more of the following:

    a. the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were manufactured such that the pegs would shear and/or break;

    b. the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella did not comport with the applicable product safety standards;

    c. the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were not adequately tested before distribution and sale;

    d. the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were designed in a manner that allowed for the pegs to shear and/or break;

    e. Defendants failed to design and/or utilize proper designs for the manufacture of the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella;

    f. Defendants failed to adequately and properly inform and warn purchasers and ultimate users of the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella that the pegs might shear and/or break;

    g. Defendants failed to adequately and properly inform purchasers as to the risks and benefits of the product;

h. Defendants designed, manufactured, sold, supplied and/or distributed a product in a defective condition;

i. Defendants designed, manufactured, sold, supplied and/or distributed a product that was unreasonably dangerous to the user;

j. Defendants designed, manufactured, sold, supplied and/or distributed a product which was not reasonably fit, suitable or safe for its intended and represented purpose;

k. Defendants designed, manufactured, sold, supplied and/or distributed a product which lacked all necessary safety features to protect users of said product;

l. Defendants designed, manufactured, sold, supplied and/or distributed a product which could be designed more safely;

m. Defendants marked the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella as safe;

n. Defendants delayed in issue of post-sale warnings in an effort to eliminate the unreasonably dangerous nature of the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella;

o. Other misrepresentations regarding the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella which may be identified in the course of discovery;

p. Unsafe manufacturing defects which cause the pegs to improperly shear and/or break;

q. Defendants delayed in recalling the product upon learning that it was unsafe for its intended and/or foreseeable use; and,

r. the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella's marketing, instructions, and/or packaging, misrepresented its safety characteristics and failed to warn of the unreasonably high potential for the pegs to shear and/or break.

63. Any such safety material and/or warning that may have been provided and/or attached to the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella was inadequate, nullified, or rendered ineffective by contrary representations made by Defendants regarding the safety of the product.

64. As a results of Defendants' failure to adequately warn, Plaintiff neither knew nor had reason to know about the existence of defects in the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella.

65. At all times relevant hereto, Plaintiff used the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella in a reasonably foreseeable manner.

66. Defendants' reckless failure to warn of the substantial dangers and inherent risks of peg shearing and/or breakage associated with reasonably foreseeable use of the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella was the direct and proximate cause of Plaintiff's injuries and damages.

67. Defendants are strictly liable for failing to warn consumers and users of the substantial dangers and inherent risks of peg shearing and/or breakage associated with the reasonably foreseeable use of the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella.

68. The aforementioned conducts of Defendants caused, increased the risk of harm and/or was a substantial causal factor of Plaintiffs' injuries and damages.

**COUNT IV**
**BREACH OF IMPLIED WARRANTY OF FITNESS**

69. Plaintiffs reincorporate all previous paragraphs as if set word for word herein.

70. Defendants designed, manufactured, marketed, distributed, supplied and sold its Biomet Signature Vanguard total Knee system and/or the Regenerex Series A patella with an implied warranty that they were fit for its intended use as an artificial knee replacement, knowing that

15

consumers and their physicians would rely on their skill and/or judgment to furnish suitable goods.

71. Members of the consuming public and their physicians, including consumers such as Plaintiff and his physician, were the intended third-party beneficiaries of the warranty.

72. Defendants' Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella was not fit for its intended use as an artificial knee replacement, due to the unreasonable risks of bodily injury associated with its use.

73. The Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were not altered by Plaintiff.

74. Plaintiff was a foreseeable user of the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella.

75. Plaintiff used the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella in the manner intended.

76. Plaintiff in this case reasonably and justifiably relied upon Defendants' representations that the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella was safe for use.

77. Defendants' Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were not adequately labeled and did not disclose that they failed to follow product safety standards or that they were at risk for peg shearing and breakage.

78. The Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella did not measure up to the promises of facts stated in the marketing, packaging, labeling, advertisement, and communications by and from Defendants.

79. Defendants impliedly warranted that the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were merchantable, fit, and safe for ordinary use.

80. Defendants further impliedly warranted that the Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were fit for the intended use for which they were intended and sold.

81. Contrary to these implied warranties, Defendants' Biomet Signature Vanguard total knee system and/or the Regenerex Series A Patella were defective, unmerchantable, and unfit for their ordinary use when sold as well as unfit for the purpose for which they were sold.

82. As a direct and proximate result of the breach of implied warranty, Plaintiff suffered serious damages and injuries.

83. The aforementioned conduct of Defendants caused, increased the risk of harm and/or was a substantial causal factor of Plaintiffs' damages.

## DAMAGES TO PLAINTIFF MAURICIO GONZALEZ

84. Plaintiffs reincorporate all previous paragraphs as if set word for word herein.

85. As a direct and proximate cause of Defendants' negligent conduct, Plaintiff Mauricio Gonzalez suffered serious injury and harm, including:

    a. Pain and suffering in the past;

    b. Pain and suffering reasonably anticipated to experience in the future;

    c. Incurred medical expenses in the past;

    d. Reasonably anticipated to incur medical expenses in the future;

    e. Scarring and disfigurement;

    f. Loss of wages in the past;

    g. Inability to enjoy his hobbies and activities in the past; and,

    h. Reasonably anticipated inability to enjoy hobbies and activities in the future.

86. The damages suffered by Plaintiff occurred through no fault of his own and are the direct and proximate result of the Defendants' action(s) and/or inaction(s).

17

87. Furthermore, the damages suffered by Plaintiffs are in excess of the statutory minimum of $75,000 necessary for federal courts sitting in diversity of citizenship cases.

## DAMAGES TO PLAINTIFF JONNA GONALEZ

88. Plaintiffs reincorporate by reference all previous paragraphs as if set forth word for word herein.

89. As a direct and proximate result of the negligence of all Defendants described above, Plaintiff Jonna Gonzolez has been deprived of the aid, society, comfort, companionship, services, and consortium of her husband, Plaintiff Mauricio Gonzalez.

90. As a direct and proximate result of the negligence of all Defendants described above, Plaintiff, Jonna Gonzalez has suffered severe emotional distress due to the manner in which her husband's condition was handled by Defendants and the injuries that resulted to her husband.

91. Plaintiff, Jonna Gonzalez, claims the full measure of damages recoverable for the loss of consortium resulting from all Defendants' negligence described above.

92. The damages suffered by Plaintiff, Jonna Gonzalez, occurred through no fault of her own and are the direct and proximate result of the Defendants' action(s) and/or inaction(s).

93. Moreover, the damages suffered by Plaintiff Jonna Gonzalez are in excess of the statutory minimum of $75,000 necessary for federal court sitting in diversity of citizenship cases.

94. Plaintiffs respectfully request a trial by jury.

WHEREFORE, Plaintiffs, Mauricio Gonzalez and Jonna Gonzalez, husband and wife, respectfully pray for judgment against Defendants, in an amount in excess of the $75,000 necessary for federal courts sitting in diversity of citizenship cases, for pre-judgment interest and post judgment interest at the maximum allowed by law, for attorneys' fees and costs associated with bringing this action, and for any all relief to which the Court finds them so entitled.

RESPECTFULLY SUBMITTED,

Mauricio & Jonna Gonzalez, Plaintiffs

BY:

Spencer Vereen, ABA #2020236
Bill D. Reynolds, ABA#  92021
CADDELL REYNOLDS, P.A.
122 North 11th Street
P.O. Box 184
Fort Smith, AR 72902
(479) 782-5297
(479) 782-5184-Fax
breynolds@caddellreynolds.com
svereen@caddellreynolds.com
*Attorneys for Plaintiff*

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CIVIL DIVISION

MAURICIO GONZALEZ and
JONNA GONZALEZ                                                          PLAINTIFFS


v.                              CASE NO.:        _____


ZIMMER BIOMET HOLDINGS, INC.,
d/b/a ZIMMER BIOMET;
ZIMMER US, INC.,;
ZIMMER ORTHOBIOLOGICS, INC.;
RESOURCE OPTIMIZATION & INNOVATION, LLC;
HEALTHTRUST PURCHASING GROUP, LP;
MERCY HOSPITAL FORT SMITH
d/b/a MERCY ORTHOPEDIC HOSPITAL FORT SMITH;
TECSYS U.S., INC.;
NATHAN LOTT; and,
JOHN DOES 1-10

                                                                       DEFENDANTS

## AFFIDAVIT

COMES NOW, the Affiant, Spencer Vereen, under penalty of perjury, states and alleges the following specifics:

1.      I am the attorney of record for the Plaintiffs, Mauricio Gonzalez and Jonna Gonzalez, in the above referenced matter.

2.      I have filed a Complaint alleging negligence resulting in injuries to Plaintiffs.

3.      The names of all tortfeasors, or the names and identities of those who may stand as responsible for the actions of all tortfeasors, including insurers or pooled liability funds, who may be parties under Arkansas' Direct Action Statute, as well as other entities and/or corporations are unknown at the time of this filing.

1

# Exhibit A

4.    The unknown tortfeasors, insurers, business entities, corporations and pooled liability funds are designated as John Does for the purpose of tolling the applicable statute of limitations, pursuant to Ark. Code Ann. § 16-56-125.

5.    Upon determining the identity of the unknown tortfeasors, insurers, business entities, corporations or pooled liability funds, the pseudo-names of the John Doe Defendants will be replaced in the Complaint with the real names of those identified Defendants.

6.    The unknown tortfeasors may also be employees, agents, representatives, and/or owners responsible for employees, agents, and/or representatives' actions and/or inactions.

7.    Upon determining the identity of the unknown tortfeasors, the pseudo-names of John Doe Defendants will be replaced with the real names of those identified Defendants.

FURTHER, YOUR AFFIANT SAITH NOT.

Spencer Vereen, ABN 2020236

STATE OF ARKANSAS                    )
                                     )SS.
COUNTY OF SEBASTIAN                  )

SUBSCRIBED AND SWORN to before me on this 20th day of August, 2025.

Notary Public

DANA THIBODEAU
Notary Public-Arkansas
Sebastian County
My Commission Expires 04-17-2035
Commission # 12403600

2